FILED
CLERK
10:08 am, Mar 08, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                  Plaintiff,

       -against-

PETER FARRELL,

                  Defendant.
-----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:04-cv-04999 (ADS)

**APPEARANCES:**

**Michael T. Sucher, Esq.**
*Attorney for the Plaintiff*
26 Court Street, Suite 2412
Brooklyn, NY 11242
       By:    Michael T. Sucher, Esq., Of Counsel

**Peter Farrell**
*Pro Se Defendant*

**SPATT, District Judge**:

       On January 25, 2005, the Plaintiff United States of America (the "Plaintiff") commenced this action against the Defendant Peter Farrell (the "Defendant"), seeking payment on monies owed by the Defendant to the United States Department of Education.

       On the same day, the Plaintiff filed proof of service of the summons and complaint on the Defendant.

       On February 16, 2005, the Plaintiff filed a motion for default judgment against the Defendant. The Plaintiff filed proof of service of the moving papers.

       On April 1, 2005, the Clerk of the Court noted the Defendant's default.

       On April 4, 2005, the Court granted the Plaintiff's motion for default judgment. Judgment was entered against the Defendant in the amount of $8,504.36, and the case was closed.

1

On February 12, 2018, thirteen years after default judgment was entered against him, the Defendant moved to vacate the default judgment. For the following reasons, the Defendant's motion is denied.

## I. DISCUSSION

### A. The Relevant Legal Standard

Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 60(b) empowers a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

### B. The Burden of Proof

Although he does not specifically cite Rule 60(b)(4), the Defendant claims that he was never served with a summons or complaint. (*See* Def.'s Letter Mot. (ECF No. 15)). The court construes this as a motion to vacate the default judgment on the ground that the default judgment was void for want of personal jurisdiction. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 297 (2d Cir. 2005). When the validity of service of process is raised in a motion to set aside a default judgment, as in this case, the movant bears the burden of proof. *Id.* at 299. However, the Plaintiff must demonstrate that defendant had actual notice of the original proceeding but delayed in bringing the motion. *Id.*

## C. Service of Process

In order to establish personal jurisdiction over a defendant, a plaintiff must show valid service of process. *See Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co.,* 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). Rule. 4(e) states that service can be obtained "pursuant to the law of the state in which the district court is located." FED .R. CIV. P. 4(e)(1).

The New York Civil Practice Law and Rules provide, in pertinent part, that service of process may be made upon an individual "by delivering the summons within the state to the person to be served." N.Y. C.P.L.R. § 308(1).

In order to exercise personal jurisdiction over the Defendant, the Plaintiff must (1) have served the Defendant in accordance with the requirements of state law; and (2) the assertion of jurisdiction must comport with due process, which requires that service of process be "reasonably calculated, under all the circumstances" to inform the defendant of the action and provide an opportunity to be heard and respond. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

## D. As to the Validity of the Plaintiff's Service.

Here, the process server's sworn statement establishes that he served the Defendant personally at his place of business on January 15, 2005. (ECF No. 4). The process server swore that he spoke to the Defendant, and that he knew who the Defendant was from the summons, complaint, and supplemental papers.

The summons and complaint were also mailed to his residence. (ECF No. 1). Of note, the address to which the Plaintiff mailed the summons and complaint is the same address which the Defendant still uses today. (*See* Def.'s Dec. 22 2017 Letter (ECF No. 11); Def.'s Jan. 26, 2018 Letter (ECF No. 13); Def.'s Letter Mot. Feb. 12, 2018 (ECF No. 15)).

The Plaintiff has thus established that the Defendant was both served with the summons and complaint, and that he had knowledge of the action. Thus, having failed to respond after having actual knowledge of the action, the burden of proof is on the defendant.

"[C]ourts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing.'" *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (internal citation omitted). While the Court recognizes the difficulty of proving a negative, the Defendant has nevertheless failed to proffer any evidence to meet his burden, other than conclusory denials that he received notice of this lawsuit.

In light of the Plaintiff's showing that the Defendant had actual knowledge of this lawsuit, the Court denies the Defendant's motion to vacate the default judgment for improper service.

### III. CONCLUSION

For the reasons stated above, the Defendant's motion to vacate the default judgment is denied.

**SO ORDERED**

Dated: Central Islip, New York

March 8, 2018

_/s/ Arthur D. Spatt_

ARTHUR D. SPATT

United States District Judge